## HARMAN v. LEWIS and another.[1]

*(Circuit Court, E. D. Missouri. June 27, 1885.)*

1. EQUITY PRACTICE—PETITION FOR REHEARING.
    Where a rehearing is desired in an equity case, a petition for a rehearing, stating in detail the reasons why it should be granted, should be filed, and if the reasons stated are considered sufficient, a rehearing will be granted. An ordinary motion for a rehearing is improper, and will be overruled as a matter of course.

2. INSURANCE—BENEVOLENT ASSOCIATIONS—OBJECTION BY HEIR TO INFORMALITY OF ASSIGNMENT OF CERTIFICATE.
    Where B., a benevolent association, issued a benefit certificate to C., a member, whereby the latter's life was insured in a certain sum, and the certificate provided that no assignment thereof should be valid unless approved by the secretary, and C. assigned it, without such approval, to D., and died, leaving one child, who, in the absence of an assignment, would have been entitled to the proceeds of the certificate, and B. filed a bill of interpleader, and paid the money due into court, *held*, that the assignment was invalid, because of the failure to obtain the secretary's approval, and that C.'s heir had a right to object to its validity on that ground, and was entitled to the fund.

In Equity. Motion for new trial and rehearing.

The fund in question in this case having been decreed to be paid to John P. Harman, guardian of Lillian Funkheuser, a motion for a rehearing was filed by defendant Lewis, and a motion for a "new trial and a rehearing" by defendant M. L. C. Funkheuser. The body of the latter motion was as follows:

"Now comes the defendant M. L. C. Funkheuser and moves the court for a new trial and rehearing in the above-entitled cause, for the following reasons, to-wit: (1) That the court erred in finding and decreeing that this defendant acquired no interest in the fund in question by virtue of the assignment and delivery to him by Tilden S. Funkheuser of the certificate on file in this cause. (2) That the court erred in finding and decreeing that the fund in question belonged to said John P. Harman, guardian," etc.

For other material facts see 24 FED. REP. 97. The motions for rehearing having been called up, Mr. Givens, attorney for defendant Funkheuser, asked that the matter be laid over until some future day in order that he might have time to prepare himself to argue the questions involved.

*Geo. D. Reynolds*, for complainant.

*O. B. Givens*, for Funkheuser.

*Geo. E. Smith*, for Lewis.

TREAT, J., (*orally.*) It is very important that counsel should understand the rules of practice. A simple motion for rehearing amounts to nothing. A petition for rehearing must be filed, and you must set out the grounds therefor in the petition. If the court is satisfied that there are good grounds for a rehearing it will so order. The case is not to be heard over again except by leave of court.

*Mr. Givens.* This is an ordinary motion for a rehearing.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

TREAT, J. That is waste paper. Parties accustomed to practice in the state court often fall into the mistake that a motion for a re-hearing in equity is like an ordinary motion for a new trial, and to be disposed of in the same way. In a suit in equity in the federal court if you wish a rehearing you should set out in detail in your petition the grounds therefor. Otherwise the court will overrule it as a matter of course. It is an application, in other words, for a rehearing— will the court grant the rehearing?—not, will the court rehear it before it decides whether it will or not, and let the parties go into the whole matter over again; that is not equity practice.

*Mr. Givens.* This case was submitted on a written stipulation, and the motion sets out what the parties claim to be the error in the ruling.

TREAT, J. You set that out before. What has happened since whereby the court should grant you leave to have it heard again? There must be some reason assigned in your application.

*Mr. Givens.* The only point we raise is that there is an error in the ruling of the court on the law.

(The motion was here read.)

TREAT, J. That is a paper wholly unknown to equity proceedings. I see no good reason why the court should go over this case again. There are many important questions the court might have considered. As stated in the brief opinion heretofore rendered, it was more than doubtful, under the charter and the nature of this benevolent institution, whether a valid assignment could be made. There are a great many questions considered by the courts in respect to these obligations resting on sound principles. A gentleman in good standing in a benevolent institution of this description, so long as he remains in good standing, is entitled to the benefits thereof on conforming to its rules and paying the dues. In the absence of any provision whereby a certificate of membership, which entitles the member to recover, and also entitles those succeeding him to recover, what would become of all these organizations, if strangers, even if assignees, could force themselves into membership regardless of personal or other qualifications, and also of the continued good standing of the original members? The certificate, if assignable, may be assigned to somebody; and if he pays the dues, are they dependent upon the original members remaining in good fellowship, or what? I did not choose to go into these inquiries. I contented myself with the single remark that however that might be under these various decisions, it was certain that, even if this certificate was so assignable, it was so only on the terms stated in the certificate, to-wit: the approval of the secretary. The law of the organization states where the fund should go. That's all there was in this case.

*Mr. Givens.* The particular point I wished to argue was the question as to the effect of a condition of this kind in a certificate, where the company had filed a bill of interpleader, thereby declaring that

they owed a debt, and waiving any right that they might have themselves,—that from their doing that no other party could have a right to come in and raise this question of the approval of the secretary.

TREAT, J.   Unquestionably the company owed that sum of money to somebody.   Here were parties disputing among themselves as to whom it should be paid.   A bill of interpleader is filed, and the company does not raise the objection.   Of course the company owes the money.   The question is, who is entitled to it?   This alleged assignee the court holds is not entitled to it.   Inasmuch as there is no lawful assignee of the fund, the law carries it as in this case, there being no widow, to the only surviving child.   Of course the company cannot raise the objection.   It owes the money.   If it could go a step further, and undertake to determine that because it had done sundry and divers things this child should not have anything, the child would object, and say you cannot convey away my rights.

I am satisfied with my opinion, and will go further if necessary. I overrule the motion, not on the ground of form merely, but on the ground of substance.[1]

---

[1] See *Splawn* v. *Chew,* 60 Tex. 532.